## Daniel Sloan, Appellee, v. Hanson Manufacturing Company, Appellant.

### Gen. No. 5,208.

1. INTEREST—*when recoverable upon loan made for indefinite period.* Upon a loan made for an indefinite period interest commences to run from the time of the commencement of the suit to recover the principal.

2. CORPORATIONS—*when directors must fix salaries.* As to one having knowledge of the by-laws which require that all salaries shall be passed upon by the directors, a salary fixed otherwise than by the directors cannot be recovered of the corporation.

Assumpsit. Appeal from the Circuit Court of Lake county; the Hon. ARTHUR H. FROST, Judge, presiding. Heard in this court at the April term, 1909. Affirmed. Opinion filed October 19, 1909.

LANDER & KING, for appellant.

Orvis & Beaubien, for appellee.

Mr. Justice Willis delivered the opinion of the court.

This was an action in *assumpsit* brought by appellee against appellant to recover $1,380 paid for capital stock, for $1,000 of which he held a certificate, and to recover $750 loaned, and $478 salary from August 5, 1906, to December 6, 1906. The declaration contained only the consolidated common counts, to which the plea of non-assumpsit was interposed. There was a trial and a verdict for $1,275. A new trial was granted. On a second trial appellee had a verdict and a judgment for $965. A motion for a new trial was denied, and the company appealed.

C. A. Hanson was the promoter, president and manager of the appellant company, and appellee was a stockholder, director and bookkeeper of appellant. Appellee claimed Hanson told him in February, 1906, that if he would subscribe for $1,000 worth of stock which another party had subscribed for, and failed to take, and come into the factory, and give his entire time there, he should receive whatever salary was fixed for Hanson. Hanson claimed that appellee subscribed for $1,000 worth of stock in February, 1906, which a Mr. Paul had subscribed for and failed to take; that there was no conversation at that time with reference to appellee's employment in the factory; that the first that was said about appellee's employment was the last of June or the first of July, 1906, at appellee's home; that, at that time, they talked about increasing the capital stock, and enlarging the business and in that talk appellee said he would be willing to make a further subscription, and if he put in the same amount of money and time as Hanson, he supposed he ought to have about the same salary; that Hanson said, "I suppose so, if conditions will warrant it;" but that Hanson thought it a matter for the directors. Hanson's wages were fixed at $150 per

month. Appellee paid $1,380 and received a certificate for $1,000 for capital stock of appellant company. September 19, 1906, he deposited in a bank at Waukegan $750 to appellant's credit, and worked for appellant from August 5, 1906, to November 15, 1906. On the last date he was taken sick and went west. On his return December 5, 1906, he received a letter from appellant that his services were no longer desired. Appellee, while employed by appellant, had sole charge of its books, and reorganized its system of bookkeeping. He was a director and knew that the by-laws required that all salaries should be submitted to the board of directors for ratification. He charged appellant with $150 for his salary at the end of each month, but it was never submitted to the board of directors for their approval. There is some evidence that one or two of the directors knew that appellee claimed that his wages were to be at the rate of $150 per month and that one or two may have seen the entry for the same on the books, but it was not called to the attention of the board of directors until the November meeting. It is upon such knowledge that appellee relies to recover for his services to appellant at $150 per month. If the board had known that he was charging this salary and had continued him in their employ, it may be that appellant might be liable for that sum without formal ratification; but if one or two of the members of the board did know, and the others did not, and they never saw the books, and knew nothing about it until the November meeting, he was not entitled to recover on his alleged contract for $150 per month. Appellee introduced evidence of the value of his services which ranged from $150 to $200 per month, and appellant, that his services were worth much less. The preponderance of the proof is, that appellee's services were reasonably worth approximately $12 per week, and it is evident that this was the bases of the verdict of the jury on that feature of the case.

The $750 was advanced or loaned appellant on September 19, 1906, a time when it was in great need of money to pay its bills. Appellant's contention is that instead of its being a loan, it was to pay for additional capital stock, but there is no written or documentary evidence supporting this claim. We are satisfied that appellee did not make a binding additional subscription, and that the conversation testified to did not create a binding contract on the part of appellee to take the stock.

It is urged that if the $750 is a loan, interest is not recoverable thereon, because, there being no fixed date of payment, interest did not commence to run until after demand was made. No definite time was named for payment, but there is some proof that a demand of payment was made before suit was commenced. Appellant had the use of the money, and, in our opinion, appellee ought to recover interest at 5% per annum from the commencement of the suit.

Appellee's seventh given instruction was as follows:

"The jury are instructed that under the law of the State of Illinois, interest at the rate of five per cent. per annum may be allowed on money loaned or advanced for the use of another, and on money due and withheld by an unreasonable and vexatious delay of payment, and in this case if you believe from the evidence that the plaintiff did advance money to the defendant company as a loan, and that there is money due the plaintiff on account of salary or wages, and that there has been an unreasonable and vexatious delay in the payment thereof to the plaintiff, then you have the legal right to find in your verdict, interest on the money advanced at the rate of five per cent. per annum on the sum or sums, if any, you may find by your verdict, there is or are due the plaintiff during the period on such money advanced, if any."

This instruction was erroneous and might readily have led the jury to allow interest on the salary as well as on the $750 and there was no unreasonable and vexatious delay of payment to authorize that.

Plaintiff claims pay for the three weeks he was sick and absent, but we find nothing in the record to warrant a recovery for that. He worked 14½ weeks, for which, at $12 per week, he was entitled to $174. He was paid $147, leaving $27 due on salary. This suit was begun February 1, 1907, and the second verdict was rendered on December 14, 1908, one year, nine months and twenty-three days thereafter. Interest at 5% upon the $750 advanced for that period, amounts to $69.35, making a total of $846.35 which is the amount he is entitled to recover.

This opinion will be lodged with the clerk, and if within seven days appellee will file a *remittitur* for $118.65, the judgment will be affirmed for $846.35 at the cost of appellee. Otherwise, the judgment will be reversed and the cause remanded.

Afterwards appellee remitted $118.65 of the judgment. The judgment is therefore affirmed in the sum of $846.35 at appellee's costs.

*Affirmed upon remittitur.*